CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 28 2012

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **METKEL ALANA,** | ) CASE NO. 7:12CV00121 |
| **Plaintiff,** | ) |
| vs. | ) MEMORANDUM OPINION |
| **WALLENS RIDGE STATE PRISON, ET AL.,** | ) By: Glen E. Conrad |
| **Defendants.** | ) Chief United States District Judge |

Metkel Alana, a Virginia inmate proceeding pro se, filed a submission styled as a "Petition for Injunctive Relief in the Manner of Temporary Restraining Order." The petition alleges that prison officials at Wallens Ridge State Prison are interfering with Alana's constitutional right to access the courts by failing to provide him with up-to-date caselaw for use in preparing a court pleading. The court construed Alana's petition as both a civil rights action pursuant to 42 U.S.C. § 1983, seeking injunctive relief, and a motion for interlocutory injunctive relief. After review of Alana's submissions, the court denies Alana's motion for interlocutory injunctive relief. By separate order, the court will allow Alana to go forward with the civil action under certain conditions.

I

The facts and allegations from Alana's complaint relevant to his claims are these. The United States District Court for the Eastern District of Virginia dismissed Alana's petition for a writ of habeas corpus under 28 U.S.C. § 2254 as untimely filed under 28 U.S.C. § 2244(d)(1);

the Fourth Circuit denied a certificate of appealability and dismissed Alana's appeal.[1] See Alana v. Clarke, Action No. 2:10CV564 (E.D. Va. Aug. 17, 2011), appeal dismissed, No. 11-7274, 2012 WL 375881 (4th Cir. Feb. 7, 2012). Alana told the law library staff at Wallens Ridge that he had until February 20, 2012, to file a petition for rehearing en banc. Alana says that "[n]one of the shepard cites [he] requested came back to [him]," although he filed three requests and an emergency grievance, reminding staff of his filing deadline. (Compl. 4). When staff provided some cases, pages were missing.

Alana sent the petition for rehearing without being able to add new caselaw, relying instead on the case cites he had used in the prior unsuccessful pleadings. Alana now wants to prepare an amended petition for rehearing and to do research on filing a petition for a writ of certiorari, which he knows must be filed in the United States Supreme Court within 90 days of the Fourth Circuit judgment.[2] He complains: "[The Wallens Ridge law staff] never bring me the cases I ask for, or the case is missing pages, just half a case or the front page only. I have no way to obtain cases of this decade that closely resembles mine or a case that details current law that can relate to the facts of my case." (Compl. 3) As relief, Alana asks the court to order prison

---

[1] See Fed. R. Evid. 201(b)(2) (allowing federal court to take judicial notice of "a fact not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn. 14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

[2] The court notes that Alana's motion focuses on his desire to supplement the case law offered in support of the merits of his claim that the trial court deprived him of the right to confront a witness and violated his constitutional rights in other respects. Alana is reminded, however, that to achieve relief from the denial of his § 2254 petition, he must first overcome the district court's dismissal of the petition on procedural grounds, as untimely filed.

officials "to provide [him] access to adequate legal resources."[3] Alana points out that these petitions he wants to file are his last chance to challenge the validity of his criminal conviction and sentence.

## II

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). This requirement does not mandate that prisons must provide inmates with completely unrestricted access to such facilities, however. The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis v. Casey, 518 U.S. 343, 356 (1996) (emphasis added). The right of access does not require prisons to ensure that an inmate be allowed to "turn[ ] pages in the law library" or have access to every type of legal material he believes he needs to litigate effectively, once he has brought his claim before the court. Id. at 354, 356. The inmate states no actionable access claim absent a specific showing that deficiencies in the law library or legal assistance program actually "hindered his efforts to pursue a legal claim." Id. at 351. The actual-injury requirement applies even in cases "involving substantial systematic deprivation of access to court," including the "total denial of access to a library," or "an absolute deprivation of access to all legal materials." Id. at 353 n. 4.

---

[3] Alana also asserts a conflict of interest, because the respondent he named in the habeas corpus proceedings, the Director of the Virginia Department of Corrections (VDOC), is also in charge of providing VDOC inmates like Alana with legal materials. This claim has no merit, as the situation he challenges is simply the nature of a habeas corpus action. Rule 2(a) of the Rules Governing Section 2254 Cases provides that the proper respondent to a § 2254 petition challenging the inmate's current confinement is the state officer who has custody of him.

Because interlocutory injunctive relief temporarily affords an extraordinary remedy prior to trial, the party seeking such relief must demonstrate that: (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374 (2008). A showing of a "strong possibility" of harm is insufficient, because the standard requires a showing that harm is "likely." Id. Each of these four factors must be satisfied before interlocutory injunctive relief is warranted. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated by, remanded by, cert. granted, 130 S. Ct. 2371 (2010), reaffirmed in part, remanded by, 607 F.3d 355 (4th Cir. 2010). Under these principles, the court cannot find that Alana has stated facts demonstrating that he is entitled to interlocutory injunctive relief.

First, Alana fails to demonstrate the necessary likelihood of success on the underlying merits of his claim that the Wallens Ridge law library system is violating his constitutional right to access the courts. Alana's allegations and court records indicate that, on the contrary, Alana has already achieved court access. He successfully filed a § 2254 petition, appealed from the order denying that petition, and filed a petition for rehearing in the court of appeals. Alana does not provide sufficiently specific details about the nature of the legal assistance available to him at Wallens Ridge. He does not submit copies of requests he made, asking for access to specific legal materials; list any of the court decisions he requested and did not receive; or state facts demonstrating that the alleged lack of access to recent caselaw will prevent him from continuing to challenge the dismissal of his § 2254 petition as untimely, whether through an amended

petition for rehearing or a certiorari petition.[4] While the caselaw retrieval system at Wallens Ridge may not provide Alana exactly what he believes he needs for effective litigation of his issues, he fails to show a likelihood that its shortcomings have significantly hampered his capability to pursue his habeas claims.

Second, Alana fails to demonstrate that he will suffer irreparable harm in the absence of the requested court intervention. Alana speculates that more recent court decisions may support the merits of his habeas claims, and consequently, that lack of access to such recent decisions might prevent Alana from succeeding in his efforts to obtain a rehearing or certiorari relief. Such speculative harm, however, does not satisfy the actual injury requirement in Lewis or the irreparable harm showing under Winter.[5]

Third, Alana fails to show that the balance of the equities tips in his favor. Alana's poor showing on the first two Winter factors is matched by his failure under the fourth Winter factor to demonstrate that an injunction is in the public interest. The Supreme Court has expressly directed courts to grant prison administrators wide-ranging deference in adopting and executing policies and practices as necessary, in their professional judgment, to preserve internal order and discipline and to maintain internal security. Block v. Rutherford, 468 U.S. 576, 584-85 (1984). The relief which Alana seeks would require a considerable degree of interference by a federal

---

[4] Generally, courts do not depend on pro se litigants to track down precedent. Rather, "[i]t is now established doctrine that [pro se] pleadings should not be scrutinized with such technical nicety that a meritorious claim should be defeated. . . ." based on technicalities, such as the pro se litigant's inability to make legal argument or cite case law. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (finding that courts must hold pleadings filed by a pro se litigant "to less stringent standards than formal pleadings drafted by lawyers").

[5] See Lewis, 518 U.S. at 351 (noting that access to courts claim requires showing of specific injury such as, "for example, that a complaint [the inmate] prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.").

court with the operation of a state prison, and he has not made the showing required to justify such interference.

For the stated reasons, the court concludes that Alana has not stated facts sufficient to show under the four factors of <u>Winter</u>, 129 S. Ct. at 374, that he is entitled to the interlocutory injunctive relief he seeks directing the Wallens Ridge law library staff to provide him with access to legal resources. Accordingly, the court denies Alana's motion for interlocutory injunctive relief. By separate order, the court will notify Alana of the conditions he must fulfill if he wishes to proceed with his § 1983 action, seeking some other form of relief.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 28th day of March, 2012.

/s/ Glen Conrad
Chief United States District Judge